IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

    Plaintiff,                       No. CIV S-93-0767 LKK GGH P

  vs.

THEO WHITE, et al.,

    Defendants.             <u>ORDER</u>

                                /

        On December 14, 2007, the court granted plaintiff ten days to file a new motion in support of his request to call witnesses concerning his recent denial of access to religious services. On December 26, 2007, plaintiff filed this new motion.

        Plaintiff first requests permission to call inmate Hysell as a witness regarding plaintiff's access to religious services from August to December 2007.[1] Good cause appearing, the request is granted. Within ten days of the date of this order, plaintiff shall inform the court of inmate Hysell's identification number.

        Plaintiff next seeks permission to call Chaplain Salaam to testify that plaintiff was denied religious services on many days because the Chaplain was not at the prison. Chaplain

---

[1] According to plaintiff, inmate Hysell is now housed at Pleasant Valley State Prison.

1

Salaam could also testify that he prepared a memorandum apparently providing for procedures by which the Wiccan inmates could hold services even if he was not present. Good cause appearing, plaintiff's request to call Chaplain Salaam as a witness is granted.

Plaintiff shall follow the following procedures in order to obtain Chaplain Salaam's attendance at trial as a witness, assuming he will not testify voluntarily. Not earlier than four weeks and not later than two weeks before trial, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00, and a copy of the court's order granting plaintiff in forma pauperis status. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

Plaintiff also requests permission to call several prison officials who refused his request to have religious services: Lieutenant Scott, Sergeant Huckabay, Correctional Officers Tucker and Valencia and Sergeant Navarro. Good cause appearing, plaintiff's request to call these prison officials as witnesses is granted. Plaintiff should follow the procedures set forth above for obtaining their presence at trial as witnesses.

Plaintiff also requests permission to call inmate Rodriguez to testify that he gave copies of Chaplain Salaam's memorandum to various prison officials who apparently ignored it and denied Wiccans access to religious services. Good cause appearing, plaintiff's request to

call inmate Rodriguez is granted.  Within ten days of the date of this order, plaintiff shall inform the court of inmate Rodriquez's identification number.

On December 19, 2007, plaintiff filed a request to add offer two new pieces of evidence: 1 ) a memorandum by E. H. Beels explaining why Wiccans were denied services; and 2) an administrative appeal that plaintiff claims will show that appeals regarding religious services are screened out.  Plaintiff's request to offer the memorandum is granted.  The administrative appeal is not particularly relevant to the issues being litigated.  Accordingly, the request to offer this document is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 26, 2007, request to call additional witnesses is granted as to inmate Hysell, inmate Rodriguez, Chaplain Salaam, Lieutenant Scott, Sergeant Huckabay, Correctional Officers Tucker and Valencia, and Sergeant Navarro; within ten days of the date of this order, plaintiff shall provide the court with the identification number of inmates Hysell and Rodriguez;

2. Plaintiff's December 19, 2007, request to add evidence is granted in part; plaintiff may offer into evidence the Beels memorandum; plaintiff's request to offer into evidence the administrative appeal is denied.

DATED:   January 8, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3