IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

        Plaintiff,                        No. CIV S-93-0767 LKK GGH P

    vs.

THEO WHITE, et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The defendants in this action are former Director of the California Department of Corrections and Rehabilitation (CDCR) Gomez, former Warden of California State Prison-Sacramento (CSP-Sac) White and the current CDCR Director Tilton.

        This action is proceeding to trial on May 13, 2008, on plaintiff's claims for damages regarding his inability to practice his Wiccan religion while housed at CSP-Sac from 1990-1997. This action is also proceeding to trial on that date as to plaintiff's claims for injunctive relief regarding his inability to practice his Wiccan religion at Pleasant Valley State Prison (PVSP) where he is currently housed.

        On March 14, 2008, the court issued a second amended pretrial order. On April 1, 2008, defendants filed objections to the pretrial order. Defendants object to the "Abandoned

1

Issues" part of the second amended pretrial order and request dismissal of the damages claims against defendants Gomez and White. Defendants argue that plaintiff's second amended pretrial statement and trial brief fail to state a claim against these defendants.

Neither plaintiff's August 8, 2007, second amended pretrial statement nor his February 21, 2008, trial brief state claims against defendants Gomez and White. The only allegations against these defendants in the February 12, 1997, amended complaint are that they supervised the other defendants.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1   Plaintiff is apparently basing the liability of defendants Gomez and White on a
2 theory of respondeat superior.  As discussed above, supervisory personnel are not liable under
3 this theory under § 1983.  For these reasons, these defendants are dismissed.  Fed. R. Civ.
4 16(c)(2)(A), (e).  Accordingly, this action will proceed to a court trial on plaintiff's claims for
5 injunctive relief regarding PVSP.  See Dollar Sys., Inc. v. Avacar Leasing Sys., Inc., 890 F.2d
6 165, 170 (9th Cir. 1989)("The [S]eventh [A]mendment preserves the right to trial by jury of all
7 legal claims," whereas "no right to a jury trial exists" for equitable claims.)
8   On April 1, 2008, defendants filed a motion to change the trial date on grounds
9 that defendant Gomez is unavailable on May 13, 2008.  Because defendant Gomez is dismissed,
10 this motion is denied as unnecessary.
11   Accordingly, IT IS HEREBY ORDERED that:
12   1. Defendants Gomez and White are dismissed;
13   2. Defendants' April 1, 2008, motion to change the trial date is denied as
14 unnecessary.
15 DATED:   April 4, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT