IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

    Plaintiff,                  No. CIV S-93-0767 LKK GGH P

  vs.

THEO WHITE, et al.,

    Defendants.               O R D E R

_____/

    Plaintiff is an inmate at Pleasant Valley State Prison. He has brought suit against various prison officials and the United States for denial of his right to practice his religion while incarcerated. In this motion, plaintiff moves for reconsideration of the court's April 4, 2008 order dismissing defendants Gomez and White from the suit.[1]

    The court resolves the motion on the papers. For the reasons

---

[1] Plaintiff identifies his motion as "Objections to the Order to Dismiss Defendants Gomez and White," which was later supplemented by plaintiff's counsel. The court construes this as a motion for reconsideration, as it was filed after the issuance of the court's dismissal order.

1

stated herein, the court grants plaintiff's motion.

## I. BACKGROUND

**A.   Allegations and Procedural History[2]**

Plaintiff is a Khemetic Wiccan who seeks to practice his religion while incarcerated. Specifically, he alleges that defendants improperly denied him access to his religious materials, including an altar, wand, candles, incense, tarot cards, and Witches' Bible; improperly denied him the ability to participate in group religious practice; and improperly denied him access to a spiritual advisor from 1990 to 1997. Plaintiff alleges defendants violated his rights under the First and Fourteenth Amendment of the United States Constitution, Article I of the California Constitution, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000.

The plaintiff's complaint was initially filed in 1993. The parties later settled, but in 2003 plaintiff informed the court that defendants were not honoring the terms of the settlement. The case was reopened, though plaintiff's prior counsel withdrew from representation. In 2006, his substituted counsel also withdrew. Proceeding *pro se*, plaintiff filed an amended complaint on January 30, 2006, which supplemented his February 12, 1997 complaint.

In March 2008, the court issued a second amended pretrial order. On April 1, 2008, defendants objected to the order,

---

[2] Allegations are taken from plaintiff's complaint filed on January 30, 2006.

2

1 requesting dismissal of defendants Gomez and White on the grounds
2 that plaintiff failed to state a claim against them. The court
3 dismissed those defendants on April 4, 2008, observing that
4 plaintiff's only allegations against them appeared to be based on
5 a theory of *respondeat superior* liability, which could not create
6 a cause of action under 42 U.S.C. § 1983. Plaintiff filed the
7 instant motion, characterized as objections to that order.

8     On April 21, 2008, the court was notified that the plaintiff
9 had engaged counsel. Accordingly, all pretrial and trial dates
10 were vacated. Plaintiff's counsel subsequently filed a
11 supplemental brief to plaintiff's "objections" to the dismissal
12 of defendants Gomez and White.

**B.   Allegations Relevant to Defendants Gomez and White**

14     Plaintiff's complaint filed February 12, 1997 identified
15 defendant Gomez as the Director of the California Department of
16 Corrections and Rehabilitation (CDCR), responsible for the
17 policies and procedures at the prisons where the plaintiff was
18 incarcerated.[3] He identified defendant White as the Warden of
19 California State Prison - Sacramento. In neither that complaint
20 nor his complaint filed January 30, 2006 does plaintiff make any
21 specific allegations against either defendant.[4] Similarly,

---

[3] During the times relevant to his complaint, plaintiff has been confined at California State Prison - Sacramento, Mule Creek State Prison, and Pleasant Valley State Prison.

[4] Throughout the 2006 complaint, he occasionally references "the Warden" and "Director of C.D.C.R.," though it is unclear whether these mean to refer to defendants White and Gomez, respectively, because both White and Gomez held their positions

3

plaintiff did not describe any claims against either of the defendants in his August 8, 2007 second amended pretrial statement or his February 21, 2008 trial brief.

### 1.  **Allegations Against Defendant Gomez**

According to plaintiff's motion, defendant Gomez, as director of the CDCR, had ultimate authority over inmate appeals, although he declared that he delegated this authority to staff members. Declaration of Jenny Riggs ("Riggs Decl.") Exh. 2. Plaintiff also asserts that California regulations vest the director of the CDCR with the responsibility to approve all operational plans and procedures required for prison operations. Plaintiff's Supplemental Brief In Opposition to Dismissal of Defendants Gomez and White at 5 (citing Cal. Code Regs. tit. 15 § 3380(c)).

### 2.  **Allegations Against Defendant White**

In his motion, plaintiff alleges that on October 23, 1992, defendant White, in his capacity as Warden, denied plaintiff's second level administrative appeal, regarding plaintiff's request to obtain his religious articles.[5] Riggs Decl. Exh. A to Exh. 1. The decision stated, "The items that you are requesting to receive [tarot cards, incense, and small candles] are not acceptable items of allowable property for inmates at California

---

for only part of the time relevant to plaintiff's causes of action. See, e.g., Amended Complaint, January 30, 2006, at 10, 21.

[5] A review of this document shows that it was signed by another person "for Theo White." Riggs Decl. Exh. A to Exh. 1.

4

State Prison - Sacramento." Id. The decision also denied plaintiff's request for a chaplain for Wicca practice because "[c]urrently the chaplains that are assigned to California State Prison - Sacramento are more than adequately meeting religious needs of the inmates." Id.

Plaintiff appealed this decision to the director level, which was also denied. Riggs Decl. Exh. B to Exh. 1. Defendant White was copied on the letter of denial sent to the plaintiff. Id.

On June 25, 1993, defendant White issued a second level appeal response on a different issue. Riggs Decl. Exh. C to Exh. 1. According to that response, plaintiff had appealed the denial of his use of his copy of the Witches Bible. Id. Warden White again denied the appeal, stating that the department would not permit the practice of a religion that involved animal or human sacrifice and would not allow access to "information which would create a clear and present danger of violence and physical harm to persons." Id.

## II. STANDARD FOR MOTION FOR RECONSIDERATION

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir. 1993), cert. denied, 508 U.S. 951 (1993)). Although motions to reconsider are directed to the sound discretion of the court, see

Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 824 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988), considerations of judicial economy weigh heavily in the process.  Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances...which... were not shown upon such prior motion, or what other grounds exist for the motion."  Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. See Alexander, 106 F.3d at 876.

Motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented. See Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).  Nor is a motion to reconsider justified on the basis of new evidence available prior to the court's ruling.  See Fay Corp. v. BAT Holdings One, Inc., 651 F. Supp. 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d 1227 (9th Cir. 1990). Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration.  See id.  These relatively restrictive standards "reflect[] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

### III. ANALYSIS

Plaintiff asserts that the court erred in dismissing

6

defendants Gomez and White because plaintiff's claims against those defendants are premised not on a theory of *respondeat superior* liability, but on allegations of those defendants' personal acts. The court agrees.

A person acting color of state law who causes the deprivation of the Constitutional rights of another may be liable under 42 U.S.C. § 1983. In order to state a claim, the plaintiff must allege the causal link between the government actor's actions and the deprivation suffered. Monell v. Dep't of Social Svcs., 436 U.S. 658, 692 (1978); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Liability will not lie on a theory of *respondeat superior*. Monell, 436 U.S. at 692. A person in a supervisory capacity may be liable, however, if he was personally involved in the constitutional deprivation or implemented a policy that was "the moving force of the constitutional deprivation," Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), or failed to prevent violations by his subordinates of which he was aware, Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, plaintiff alleges that defendants Gomez and White actively caused his Constitutional deprivations. Specifically, he alleges that defendant White created and enforced the policies regarding inmates' access to religious resources and materials. Additionally, through his role in the administrative appeals process for inmate grievances, Warden White may have been in a position to know of and fail to prevent Constitutional deprivations performed by his subordinates. Either of these

1  theories could permit plaintiff's recovery under section 1983.
2  See Hansen, 885 F.2d at 646; Taylor, 880 F.2d at 1045.
3      Similarly, the plaintiff alleges that Gomez approved all of
4  the procedures at California State Prison - Sacramento and
5  therefore could be liable under Hansen, 885 F.2d at 646. Evidence
6  could also show that Gomez knew of but failed to prevent
7  violations by his subordinates, including the staff to whom he
8  had delegated the handling of inmate administrative appeals. This
9  would also state a claim under section 1983. See Taylor, 880 F.2d
10 at 1045. Defendants counter that plaintiff had adequate
11 opportunity to test this theory during discovery and failed to
12 adduce any evidence to support it. However, given that plaintiff
13 has represented himself for the majority of the time since his
14 case has been reopened, it seems unrealistic to suppose that, if
15 his allegations against defendant Gomez have been inadequate,
16 this could only reflect the absence of any factual basis for
17 those allegations. Now that plaintiff has the benefit of counsel
18 who may conduct discovery, plaintiff's discovery efforts may be
19 more fruitful. It appears to the court that denying plaintiff
20 this opportunity would constitute a manifest injustice. See
21 Alexander, 106 F.3d at 876.
22     The court therefore grants plaintiff's motion. Plaintiff
23 previously had been granted the opportunity to file an amended
24 complaint not later than June 30, 2008. As a result of the
25 instant order, the amended complaint may state causes of action
26 against Theo White and James Gomez.

**IV. CONCLUSION**

Plaintiff's motion (Doc. No. 354) is GRANTED.

IT IS SO ORDERED.

DATED: June 30, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

9