IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

      Plaintiff,             No. CIV S-93-0767 LKK GGH P

   vs.

THEO WHITE, et al.,

      Defendants.             O R D E R

_____/

On April 15, 2010, the court granted in part, plaintiff's motion for a preliminary injunction. Part of the relief ordered included allowing plaintiff access to a sweat lodge/fire pit used by Native American inmates.

On April 29, 2010, the court signed a stipulation filed by plaintiff and defendants. This stipulation indicated that defendant will be appealing the court's order to the Court of Appeals, but that the parties are also engaged in mediation. The stipulation was not clear as to whether defendants are currently implementing the preliminary injunction. Rather, it stated that because of the pending mediation, defendant need not seek a stay

1

of enforcement in the district court. On May 4, 2010, defendant filed a notice of appeal.

On May 17, 2010, thirteen prisoners,[1] who are proceeding pro se, filed a motion to intervene and a motion for reconsideration of this court's order granting plaintiff's motion for a preliminary injunction in part. These individuals are members of the Spotted Eagle Circle at Lancaster State Prison. They seek to bring a cross-claim against plaintiff.

In their motion to reconsider, the interveners argue that allowing plaintiff access to their sweat lodge/fire pit would desecrate the site for them. As such, they ask the court to reconsider its order allowing plaintiff access to the site.

For the foregoing reasons, the court orders as follows:

(1)   The motion to intervene, Dkt. No. 518, is GRANTED.

(2)   The court has determined that it may be appropriate to appoint counsel for the interveners. For this reason, the court orders the Clerk of Court to serve copies of this order, the court's order granting in part plaintiff's motion for a preliminary injunction, Dkt. No. 509, and the interveners motions, Dkt. Nos. 517, 518 upon California Indian Legal Services at the following addresses:

////

---

[1] The court notes that while thirteen individuals signed the motion to intervene and the declaration in support of the motion for reconsideration, only twelve individuals signed the motion for reconsideration.

                    (a)   609 S. Escondido Boulevard

                          Escondido, CA 92025; and

                    (b)   3814 Auburn Boulevard, Suite 72

                          Sacramento, CA 95821.

          (3)   California Indian Legal Services shall inform the court

                within thirty (30) days of the issuance of this order

                whether it will represent the interveners in this

                action. If the organization declines to represent the

                interveners the court will seek alternative volunteer

                counsel for them.

          (4)   If the interveners do not want California Indian Legal

                Services or other volunteer counsel to represent them

                in this case, they shall inform the court that they

                object to the appointment of counsel within thirty (30)

                days of the issuance of this order.

          (5)   The court stays enforcement of the April 15, 2010 order

                pending resolution of the intervener's motion to

                reconsider as to **only** the following relief:

                    (a)   that defendants grant Mr. Rouser access to the

                          fire pit adjacent to the Native American sweat

                          lodge during religious services; and

                    (b)   that when Wiccan services are scheduled,

                          defendants must allow Mr. Rouser to access the

                          outdoor, nature-based religious area for group

                          services for the entire scheduled time, unless the

                          Yard is on modified program and no religious group

1                  is allowed to meet that day **only insofar as access**

2                  **to this area interferes with the interveners'**

3                  **religious practice.**

4  IT IS SO ORDERED.

5  DATED: May 24, 2010.

6

7

8  LAWRENCE K. KARLTON

9  SENIOR JUDGE
   UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26